An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-696

NORTH CAROLINA COURT OF APPEALS

Filed:  17 February 2015

MARIEL WILLIAMS,
     Plaintiff,

v.                                Rowan County
                                  No. 13 CVS 2791

LIVINGSTONE COLLEGE, INC.,
     Defendant.


Appeal by plaintiff from order entered 3 March 2014 by Judge Mark E. Klass in Rowan County Superior Court.  Heard in the Court of Appeals 22 October 2014.


*Michael A. Jones & Assoc., PLLC, by Michael A. Jones, for plaintiff-appellant.*

*Ruff, Bond, Cobb, Wade & Bethune, LLP, by Ronald L. Gibson, for defendant-appellee.*


McCULLOUGH, Judge.


Mariel Williams ("plaintiff") appeals from an order granting summary judgment in favor of Livingstone College, Inc. ("Livingstone College").  For the following reasons, we affirm.

## I.  Background

Upon completion of Livingstone College's "Bridge Program," plaintiff was accepted into Livingstone College's general

student body and enrolled as a full-time student beginning in August 2008. Around that time, plaintiff received the "Livingstone College Catalog 2008-2009" (the "Catalog") setting forth the requirements for graduation and signed the "Livingstone Holistic College Contract[,]" (the "Contract") which incorporates the Catalog by reference. Once enrolled, plaintiff completed the requirements to be admitted into Livingstone College's Teacher Education Program and, in November 2011, was accepted into the Teacher Education Program. Plaintiff was formally inducted into the Teacher Education Program in January 2012.

In order to complete the Teacher Education Program, plaintiff was required to complete certain professional education courses. As provided in the Catalog, "EDU 490 Student Teaching/Seminar" ("EDU 490") was the last of those mandatory courses. Plaintiff took EDU 490 in the fall of 2012. A note at the end of the syllabus provided to students enrolled in EDU 490 in the fall of 2012 indicated the following: "All teacher candidates must take and pass Praxis II prior to exiting this course. A grade of incomplete will be issued for EDU 490, Student Teaching if the candidate fails to pass Praxis II. The student teacher will be ineligible for graduation."

Plaintiff did not complete the Praxis II exam prior to exiting EDU 490 and received a grade of incomplete. As a result, Livingstone College refused to award plaintiff a diploma.

On 6 December 2013, plaintiff initiated this action against Livingstone College asserting claims for breach of contract and negligent misrepresentation. In pertinent part, plaintiff alleged the following in her claim for breach of contract:

25. The Livingstone Catalogue provided to and accepted by Plaintiff upon entering the college in 2008, and the Livingstone Contract which incorporates by reference, integrates and merges into its terms the obligations of [sic] set forth in the Livingstone Catalogue, created contractual obligations between Plaintiff and Defendant Livingstone as it related to graduation requirements and the issuance of a diploma.

26. Upon meeting the academic requirements set forth under the Livingstone Catalogue and as incorporated by reference, integrated into, and merged into the terms of the Livingstone Contract, Defendant Livingstone was required to issue Plaintiff a diploma and allow her to graduate on time.

27. Specifically, Plaintiff has satisfied all course requirements spelled out in the Livingstone Catalogue and Livingstone Contract, and is current on all financial obligations with Defendant Livingstone.

28. Defendant Livingstone has breached and

continues to breach its contractual obligation by refusing to issue the Plaintiff her diploma and removing the "incomplete status" from her EDU 490 class.

29. Defendant Livingstone unreasonably requires Plaintiff to complete the PRAXIS II exam which is a teacher certification requirement for those wishing to become licensed as a teacher — but is not a graduation requirement to receive her diploma as set forth under the Livingstone Catalogue and Livingstone Contract.

30. Defendant Livingstone further breached the agreement between the parties related to academic requirements by unreasonably adding additional educational requirements to Plaintiff's graduation curriculum without proper notice to Plaintiff to fulfill such requirements in a reasonable and timely manner.

31. Plaintiff was not informed of the PRAXIS II exam requirement until well into her senior year of education[.]

32. By failing to notify Plaintiff in a timely and reasonable manner of the change to her graduation requirements, Plaintiff was unjustly deprived of valuable time in which she could have properly prepared through study to take and successfully pass the PRAXIS II exam.

In plaintiff's claim for negligent misrepresentation, plaintiff alleged the following:

36. Plaintiff, as was her obligation, and at all relevant times complained of in this Compliant, used reasonable efforts to keep abreast and apprised of her

graduation requirements.

37. Plaintiff reasonably and justifiably relied upon representations contained in the Livingstone Catalogue and Livingstone Contract that she was required to meet the educational requirements set forth thereunder, and would graduate on schedule as long as she met all requirements set forth thereunder. Plaintiff reasonably relied upon these written representations by Defendant Livingstone to her detriment.

. . . .

40. Aside from receiving actual notice from Defendant Livingstone, which Defendant Livingstone has a duty to Plaintiff to provide, in a reasonable and timely manner, Plaintiff was unable and could not have otherwise learned of any such change to her academic requirements that the PRAXIS II exam was required before graduation.

Based upon plaintiff's claims, plaintiff sought "injunctive relief in the form of an order commanding [Livingstone College] to immediately issue [p]laintiff her earned diploma, change the status of [p]laintiff's EDU 490 course/program from an 'I' (incomplete status) to the 'A' grade which she earned, and release Plaintiff's transcript containing her updated status." Plaintiff further sought the recovery "for all costs, expenses[,] and attorney's fee[s]" and "compensatory, consequential[,] and incidental damages in excess of $10,000.00[.]"

Livingstone College responded to plaintiff's complaint by filing a motion to dismiss, or in the alternative, motion for summary judgment on 4 February 2014. Livingstone College filed an answer shortly thereafter.

In a memorandum filed in support of its motion to dismiss, or in the alternative, motion for summary judgment on 18 February 2014, Livingstone College argued the Catalog did not create a contract with respect to graduation requirements, plaintiff had notice of the Praxis II requirement by the beginning of the Fall 2012 semester, and plaintiff failed to allege justifiable reliance to support her negligent misrepresentation claim.

In response to Livingstone College's memorandum, plaintiff filed a memorandum in opposition to Livingstone College's motion on 26 February 2014. In the memorandum, plaintiff states that

> [she] neither argues nor contends, as Defendant Livingstone College seems to infer, that it cannot modify or alter its course requirements as set forth in its catalogues. . . .
>
> What [she] argues before the trial court and alleges in her [c]omplaint is that, as a student in good standing with the college, at no time did she ever receive reasonable or timely notice from Defendant Livingstone College of any modification to her course requirements until it unjustly and adversely affected her right to graduate

and receive her diploma. Plaintiff . . . further asserts that as a paying student, in good standing with the Defendant Livingstone College, that it had a duty to notify her in [a] reasonable and timely manner of any changes to her requirement.

Livingstone College's motion to dismiss, or in the alternative, motion for summary judgment came on for hearing in Rowan County Superior Court on 3 March 2014, the Honorable Mark E. Klass, Judge presiding. Following the hearing, the trial court entered an order granting Livingstone College's motion for summary judgment. Plaintiff appeals.

## II. Discussion

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

Plaintiff's sole argument on appeal is that the trial court erred in granting summary judgment in favor of Livingstone College because there were genuine issues of material fact in dispute. Specifically, plaintiff contends issues of fact existed concerning the nature and extent of the contractual

obligations and responsibilities owed to her by Livingstone College under the Catalog. Plaintiff further argues a jury could have found that Livingstone College breached the Contract by failing to provide reasonable notice of changes to the curriculum as stated in the Catalog, namely the requirement that students pass the Praxis II exam. Plaintiff does not present any argument in regard to her negligent misrepresentation claim; thus, it is abandoned. *See* N.C. R. App. P. 28(a) (2015) ("Issues not presented and discussed in a party's brief are deemed abandoned.").

In response, Livingstone College disputes that the Catalog created a contract with respect to graduation requirements and, in the event that it did, asserts that summary judgment was appropriate based on the forecast of evidence.

In North Carolina, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Branch v. High Rock Lake Realty, Inc.*, 151 N.C. App. 244, 250, 565 S.E.2d 248, 252 (2002) (citation omitted). As this Court recognized in *Ryan v. Univ. of N.C. Hospitals*, a student may bring a breach of contract action related to an "educational contract" when the student is able to point to an identifiable contractual promise that the

university failed to honor. *Ryan*, 128 N.C. App. 300, 301-03, 494 S.E.2d 789, 790-91 (1998), citing *Ross v. Creighton Univ.*, 957 F.2d 410 (7th Cir. 1992). In *Ross*, on which this Court relied in *Ryan*, the court further explained that "[i]t is held generally in the United States that the basic legal relation between a student and a private university or college is contractual in nature. The catalogs, bulletins, circulars, and regulations of the institution made available to the matriculant become a part of the contract." 957 F.2d at 416 (citations and quotation marks omitted).

In the present case, it is undisputed that plaintiff executed the Contract with Livingstone College, which specifically referenced the Catalog stating, "[i]tems not specifically addressed in this contract are addressed in either the Livingstone College Student Handbook or College Catalog and you are required to read and abide by them." Thus, we hold the relationship between plaintiff and Livingstone College was contractual in nature and the Catalog was a part of the contract.

As pointed out by plaintiff, in the section of the Catalog providing the general requirements for graduation, the Catalog notes that "[s]tudents are normally expected to graduate

according to requirements listed in the catalog under which they enter the College" and "[a] student will be allowed to participate in graduation exercises only when ALL requirements for the degree as specified in the applicable catalog have been completed." The Catalog, however, also explicitly provides that "[t]he listing of a course or program in the catalog does not constitute a guarantee or contract that the particular course or program will be offered during a given year[,]" "[t]he College reserves the right to make changes in its rules and regulations, curricula, fees, and other matters of policy and procedure as it may consider appropriate[,]" "[s]tudents are responsible for keeping abreast and complying with current College policies[,]" and "[t]he College urges students to consult with their advisors and other appropriate college officials for clarification of current policies and requirements related to their education at the College." Thus, the question is whether the listing of course requirements provided in the Catalog obligated Livingstone College to award plaintiff a degree upon the completion of those requirements. In the present case, however, we need not reach that question.

Although the Catalog did not specifically list Praxis II as a graduation requirement, the Catalog did list EDU 490 as a

required professional education course for all teaching majors. The syllabus for EDU 490, in turn, notified plaintiff and other teacher candidates taking the course in the fall of 2012 that they must take and pass the Praxis II prior to exiting EDU 490 or they would be issued a grade of incomplete and be ineligible for graduation. Thus, it appears from the evidence that passing the Praxis II exam was a course requirement, not a general graduation requirement. The Catalog does not list the requirements for the successful completion of individual courses. Because plaintiff did not complete the Praxis II exam, she did not successfully complete EDU 490 and received a grade of incomplete, resulting in her ineligibility to graduate. Plaintiff had notice of this possibility when she began EDU 490 in the fall of 2012.

Moreover, even if the Catalog created a contract with respect to graduation requirements and the completion of the Praxis II exam was added to those requirements, plaintiff does not contend that Livingstone College cannot amend the graduation requirements. Just as Plaintiff indicated in her memorandum to the trial court in opposition to Livingstone College's motion to dismiss, or in the alternative, motion for summary judgment, on appeal, plaintiff states that,

> [a]t no time does [she] contend that Livingstone College could not have altered, changed[,] or modified its academic curriculum and various policies in its sole discretion. What [she] does argue, is that reasonable notice concerning substantial changes to her academic curriculum must be given pursuant to well established principles of good faith and fair dealing that is inherent is [sic] all contractual relationships, and that proper notification of such changes and modifications must be reasonable under the existing circumstances. Livingstone College simply did not abide by or adhere to these principles.

Although reasonableness is often a question of fact for the jury, we hold the forecast of evidence in this case, which tends to show that the syllabus provided to students enrolled in EDU 490 during the Fall 2012 semester included notice that they must take and pass the Praxis II exam to successfully complete the course and graduate, supports the trial court's grant of summary judgment in favor of Livingstone College.

## III. <u>Conclusion</u>

For the reasons discussed above, we find the trial court did not err in granting summary judgment in favor of defendant.

Affirmed.

Judges CALABRIA and STEELMAN concur.

Report per Rule 30(e).